UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Thomas Mlodzinski</u>, *et al.*

    v.                                    Civil No. 08-cv-289-JL

<u>Michael F. Lewis</u>, *et al.*

**<u>PROCEDURAL ORDER</u>**

In this action against the Town of Bristol and certain of its police officers (the "Bristol defendants"), and the Central New Hampshire Special Operations Unit and certain of its officers (the "CNHSOU defendants"), each set of defendants filed a motion for summary judgment and supporting memorandum on February 1, 2010, the deadline for doing so under the amended scheduling order. The plaintiffs filed objections, and the Bristol defendants filed a reply. Following a six-week stay procured by the parties in order to attempt to settle the case (which was ultimately unsuccessful), the court heard oral argument on the summary judgment motions on June 16, where all parties appeared through counsel, and where the court offered its preliminary view that the motions would be denied, at least in part.

Several days later, on June 22, the Bristol defendants filed a purported "addendum to" the summary judgment hearing, which essentially summarized the arguments they presented there and in their summary judgment papers. Then, on July 2, more than two weeks after the court heard oral argument, the CNHSOU defendants

filed a "motion to supplement" their presentation there. This motion cited and discussed a 1997 case by the First Circuit Court of Appeals that the CNHSOU defendants had not cited in their opening brief on summary judgment (they did not file a reply). The "motion to supplement" also stated that the plaintiffs had no objection to it and, in fact, "desire[d] to respond" by July 9.

The Local Rules require each motion to be accompanied by a supporting memorandum, L.R. 7.1(a)(2), and permit a reply memorandum, as of right for dispositive motions, L.R. 7.1(e)(1). They do not contemplate any additional memoranda by the moving party in support of its motion. So the defendants' additional filings are plainly not authorized by the rules.

It is true that this court, as a matter of practice, occasionally allows supplemental briefing on motions, either on its own initiative or on a party's request. Here, however, the court did not invite any additional briefing, and the Bristol defendants did not ask for leave to file any. While the CNHSOU defendants are making such a request now, their "motion to supplement" does not explain why they did not cite the case it discusses at an earlier stage, e.g., their summary judgment memorandum, a reply memorandum, or even at oral argument--let alone nearly two weeks after oral argument. And no explanation is apparent, since the case was decided more than 10 years ago, by the First Circuit, and is offered in support of one of the

principal arguments the CNHSOU defendants made in their summary judgment memorandum (which is not to say that the court agrees that the case supports that argument).

The court is further troubled that the filings by both sets of defendants purport to "supplement" what they presented at oral argument. The purposes of oral argument are to assist the court in understanding the positions the parties have presented in their motion papers, see L.R. 7.1(d), and to provide counsel with an opportunity to advocate for those positions in person before the court. Those purposes are defeated if, as appears to have happened here, the parties resort to post-hearing filings that reformulate those positions in response to the court's less-than-favorable reactions to them as originally presented.[1]

Moreover, as a practical matter, the briefing on a motion needs to come to an end at some point, and that point is the one established by Local Rule 7.1. While, again, oral argument occasionally refocuses the case on issues that merit additional briefing, the court does not believe that happened here, and the defendants have made no attempt to demonstrate otherwise.

---

[1] The court is not electing form over substance. The purpose of oral argument (which this court in particular frequently holds) is to facilitate the development of good arguments, not to squelch them. But oral argument is not meant to trigger (or authorize) further briefing every time a judicial utterance or question gives counsel cause for concern.

Accordingly, the CNHSOU defendants' motion to supplement (document no. 49) is DENIED, and the Bristol defendants' "addendum" (document no. 48) is STRICKEN. There shall be no further filings in connection with the summary judgment motions, on which the court expects to issue a ruling shortly.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  July 8, 2010

cc:  Matthew J. Lahey, Esq.
     Charles P. Bauer, Esq.
     Jeanne P. Herrick, Esq.
     K. Joshua Scott, Esq.
     William G. Scott, Esq.